IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:   2:20-cv-1348-BHH

| | |
|---|---|
| ADELAIDE DIXON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br>　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MIAMI<br>　　　　Defendants. | **CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## I.  INTRODUCTION

1. Plaintiff Adelaide Dixon (hereinafter "Dixon"), individually and on behalf of all others similarly situated ("the Putative Class"), brings this class action lawsuit against University of Miami ("Defendant") seeking a refund of certain tuition fees and other costs paid to Defendant for the 2020 Spring Semester.

2. Specifically, as set forth more fully below, Plaintiff and the Putative Class members contracted with Defendant for certain services, and paid for those services in the form of tuition and other fees.  As a result of the closure of Defendant's facility, Defendant has not delivered the services that the Putative Class contracted and paid for.

3. As a result, the Putative Class is entitled to a refund on all tuition and fees for which Defendant has been unable to provide the contracted for services, facilities, access and/or opportunities.

## II.  PARTIES

4. Defendant University of Miami is an institution of higher learning located in Coral

Gables, State of Florida.

5. Plaintiff Dixon is an individual and a resident and citizen of the state of South Carolina.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Class Action fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in South Carolina and has sufficient minimum contacts with South Carolina.

8. The Defendant has solicited students residing in South Carolina to attend their institution; has accepted money, including application and other fees, from students residing in South Carolina; has participated in college sports competitions and/or academic competitions in South Carolina; have websites accessible to students in South Carolina; have entered into contracts with South Carolina residents; and generally have minimum contacts in South Carolina sufficient to satisfy the Due Process Clauses of the South Carolina and United States Constitutions.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, the contract that is the subject of this action was formed in this District.

### IV. FACTS

10. Plaintiff is enrolled as a full time student for the spring 2020 academic semester at Defendant's institution.

11. As a precondition for enrollment, Plaintiff was required to and did pay tuition, as did all

members of the proposed Class.

12. There are hundreds, if not thousands, of institutions of higher learning in this country.

13. Many institutions of higher learning offer curriculum and instruction that is offered on a remote basis through online learning which do not provide for physical attendance by the students.

14. Defendant's institution offers in person, hands on curriculum.

15. Plaintiff and members of the Proposed Class did not choose to attend another institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

16. Defendant markets the on campus experience as a benefit of enrollment:



Living on campus opens a world of interaction with other students, faculty, and staff members in many social, developmental and academic activities. It's a special time of learning and maturing; a time to be a member of the University family.

17. The tuition and fees for in person instruction at Defendant's institution are higher than tuition fees for other online institutions because such costs cover not just the academic

instruction, but encompass an entirely different experience which includes but is not limited to:

    i. Face to face interaction with professors, mentors, and peers;

    ii. Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii. Student governance and student unions;

    iv. Extra-curricular activities, groups, intramurals, etc;

    v. Student art, cultures, and other activities;

    vi. Social development and independence;

    vii. Hands on learning and experimentation; and

    viii. Networking and mentorship opportunities.

18. As a further precondition to enrollment, Plaintiff was required to and did pay additional mandatory fees in addition to tuition, as did all members of the proposed Class.

19. These mandatory fees include but are not necessarily limited to the following:

    i. Student Activity Fee

    ii. Athletic Fee

    iii. Wellness Center Fee

    iv. Student Health and Counseling Centers Fees

    v. Student Center Fee

20. Each of these additional fees was a required charge to cover the costs of opportunities and services that can only be made available to students while the students are physically present on campus. For example, attendance to athletic events, access to the wellness center and student center, etc.

21. In addition to the tuition and mandatory fees, Defendant charges optional fees for other

activities and services that can only benefit students while students are on campus. Examples include but are not limited to room and board, parking fees, intramural and extra-curricular fees, etc.

22. As a result of the COVID-19 pandemic, Defendant has suspended all in person on-campus activities, and has barred students from entering campus for the remainder of the spring semester.

23. Although Defendant is still offering some level of academic instruction via online classes, Plaintiff and members of the proposed Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

24. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of Plaintiff's life.

25. To date, Defendant has failed and continues to fail to refund any portion of Plaintiff and Class members' spring 2020 tuition payment, or such refund has been inadequate.

26. Moreover, Plaintiff and members of the proposed Class have been and will be deprived of utilizing services for which they have already paid, such as room, board, access to campus facilities, parking, and other opportunities.

27. To date, Defendant has failed and continues to fail to adequately and fully refund Plaintiff and Class members' fees for on campus services which Defendant is no longer providing.

## V. CLASS ACTION ALLEGATION

28. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

**The Class:**

All students who are enrolled at Defendant's institution for the spring semester of the 2020 academic year, and who have paid tuition, mandatory fees, or voluntary fees for privileges or services that Defendant's institution has failed to provide, and whose tuition and fees have not been refunded.

29. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

    a. **Numerosity: F. R. Civ. P. 23(a)(1)**

31. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members  of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

    b. **Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

32. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    i. Whether Defendant accepted money from the putative Class members in exchange for the promise to provide services;

    ii. Whether Defendant has provided the services for which the putative Class members contracted; and

      iii.    Whether the putative Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant has not provided.

    **c. Typicality: Fed. R. Civ. P. 23(a)(3)**

33. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

    **d. Adequacy: F. R. Civ. P. 23(a)(4)**

34. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other members of the class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

    **e. Superiority: F. R. Civ. P. 23(b)(3)**

35. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

36. Even if Class members could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By

contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

## VI.  FOR A FIRST COLLECTIVE CAUSE OF ACTION
### (Breach of Contract)

37. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

38. Plaintiff brings this count on behalf of herself and the Class.

39. Through the admission agreement and payment of tuition and fees, Plaintiff and the Class members entered into a binding contract with Defendant.

40. As part of the contract, and in exchange for the aforementioned consideration, the Defendant promised to provide certain services, all as set forth in Section IV above.

41. The Defendant has failed to provide those services and has otherwise not performed under the contract as set forth above.

42. The Plaintiff and the class members have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the experience and services to which they were promised and for which they have already paid.

43. As a direct and proximate result of Defendant's breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.

### VII. FOR A SECOND COLLECTIVE CAUSE OF ACTION
### (Unjust Enrichment)

44. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

45. Plaintiff brings this action on behalf of herself and the Class.

46. Plaintiff and members of the Class conferred a benefit on Defendant by, *inter alia*, paying tuition and other fees in exchange for certain services and promises.

47. Defendant has realized this benefit by accepting such payment.

48. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

49. Defendant should be required to disgorge this unjust enrichment.

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Class, prays for certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel; together with judgment against Defendant for an amount to be ascertained by the jury at the trial of this action, for all damages, for the cost and disbursements of this action, both pre-judgment and post-judgment interest, attorneys' fees, and for such other and further relief, in law or in equity, as this Court may deem just and proper.

[signatures on following page]

       Respectfully Submitted,

       **ANASTOPOULO LAW FIRM, LLC**

BY  /s/ Eric M. Poulin
       Eric M. Poulin
       Fed ID Number: 11251
       Roy T. Willey, IV
       Fed ID Number: 11664
       32 Ann Street
       Charleston, SC 29403
       (843) 614-8888

       **ATTORNEYS FOR PLAINTIFF(S)**

Charleston, South Carolina
April 8, 2020