**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

VALERIA DIMITRYUK, on behalf of herself and
all others similarly situated,

      Plaintiff,                      Case No. 20-60851-CIV-SINGHAL

          v.

UNIVERSITY OF MIAMI,

      Defendant.

_____

MICHAEL WEISS, individually and on behalf of
all others similarly situated,

      Plaintiff,                      Case No. 20-22207-CIV-SINGHAL

          v.

UNIVERSITY OF MIAMI,

      Defendant.

_____

ADELAIDE DIXON, individually and on behalf of
all others similarly situated,

      Plaintiff,                      Case No. 20-22594-CIV-SINGHAL

          v.

UNIVERSITY OF MIAMI,

      Defendant.

_____

**PLAINTIFFS' COMBINED RESPONSE TO THE COURT'S ORDER TO SHOW**
**CAUSE REGARDING CONSOLIDATION OF RELATED MATTERS**

## I.      INTRODUCTION

On July 10, 2020, the Court requested that Plaintiffs in four related actions pending before this Court show cause by July 24, 2020 "why these actions *should not* be consolidated." Show Cause Order at 1 (emphasis added). Plaintiffs Valeria Dimitryuk ("Dimitryuk"), Michael Weiss ("Weiss"), and Adelaide Dixon ("Dixon") (collectively referred to herein as "Plaintiffs"), having met and conferred with each other, jointly submit that all pending cases against Defendant University of Miami *should* be consolidated under Rule 42 because the four class actions involve common parties and similar issues of law and fact. First, University of Miami is the only named Defendant in all four cases. Second, the putative class representatives in each of the Class Actions seek to represent a similar class of students or other individuals paying Defendant tuition and fees for the Spring 2020 semester. Third, the Class Actions arise out of similar circumstances—Defendant's alleged failure to issue certain refunds to students for transitioning to remote teaching and learning along with failing to provide certain access, services, benefits and programs paid for due to the COVID-19 pandemic. Finally, Plaintiffs in the Class Actions overlap in that they have similar legal claims, each alleging state-law breach of contract, unjust enrichment/restitution based on quasi-contract, and conversion. To permit such similar actions to proceed separately will defeat the benefits to be gained by consolidation and streamlining the litigation before the Court. For the reasons below, and for good cause, Plaintiffs Dimitryuk, Weiss, and Dixon, respectfully request that the Court consolidate all related cases against University of Miami.

## II.      BACKGROUND

As the Court correctly identified in its Order to Show Cause, four actions (collectively, the "Class Actions") are pending before the undersigned:

1.   *Dimitryuk v. University of Miami*, Case No. 20-60851-CIV-SINGHAL

2

(filed April 26, 2020);

2.  *Weiss v. University of Miami*, Case No. 20-22207-CIV-SINGHAL (filed May 27, 2020);

3.  *Gold v. University of Miami*, Case No. 20-22316-CIV-SINGHAL (filed June 3, 2020); and

4.  *Dixon v. University of Miami*, Case No. 20-22549-CIV-SINGHAL (filed April 8, 2020 in D.S.C. and transferred to S.D. Fla. on June 23, 2020).

These cases all arise out of a single event, University of Miami's Spring 2020 decision to transition in-person classes to online-only classes in connection with the COVID-19 pandemic, along with failing to provide certain access, services, benefits and programs paid for by students. And as depicted in the below table, each case seeks recoveries for tuition and fee payers through overlapping state law causes of action.

| TABLE A | | |
|---|---|---|
| **Case** | **Proposed Class** | **Causes of Action** |
| *Dimitryuk* | "Plaintiff seeks to represent a class defined as all people who paid University of Miami Spring Semester 2020 tuition and/or fees for in-person educational services that the University of Miami failed to provide, and whose tuition and fees have not been refunded (the 'Class')." *Dimitryuk* Am. Compl., ¶ 39. | 1. Breach of Contract<br>2. Unjust Enrichment<br>3. Conversion<br>4. Money Had and Received |
| *Weiss* | "All people paying Defendant, in whole or in part, personally and/or on behalf of others, for Spring 2020 tuition and fees for in-person instruction and use of campus facilities, but were denied use of and/or access to in-person instruction and/or campus facilities by Defendant." *Weiss* Compl. ¶ 58. | 1. Breach of Contract<br>2. Unjust Enrichment<br>3. Conversion |

| TABLE A | | |
|---|---|---|
| **Case** | **Proposed Class** | **Causes of Action** |
| *Dixon* | "All students who are enrolled at Defendant's institution for the spring semester of the 2020 academic year, and who have paid tuition, mandatory fees, or voluntary fees for privileges or services that Defendant's institution has failed to provide, and whose tuition and fees have not been refunded." *Dixon* Compl., ¶ 28. | 1. Breach of Contract<br>2. Unjust Enrichment |
| *Gold* | "The Class is defined as all individuals who paid tuition and fees to the University of Miami to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020. ('Class')." *Gold* Compl. ¶ 41. | 1. Breach of Contract<br>2. Conversion<br>3. Unjust Enrichment |

As further detailed below, the four cases readily meet all requirements for consolidation under Fed. R. Civ. P. 42.

## III.    ARGUMENT

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."). "Rule 42 codifies the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Doe v. Sch. Bd. of Miami-Dade Cty.*, No. 18-25430-CIV, 2020 WL 1465739, at *1 (S.D. Fla. Mar. 25, 2020) (quoting

4

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Furthermore, in considering whether to exercising its discretion, the Court must determine:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citation omitted). "District court judges in the Eleventh Circuit 'have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Family Dining, Inc. v. Burger King Corp.*, No. 10-21964-CIV, 2010 WL 11506103, at *1 (S.D. Fla. July 16, 2010) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)).

A.      **The Class Actions involve common parties.**

First, the threshold question of "common parties" is easily answered in the affirmative. All four lawsuits name University of Miami as the sole Defendant. In addition, while the putative class representatives are different, the proposed classes in the Class Actions cover the same people, *i.e.*, Defendant's students or other people who paid Defendant tuition and/or fees during the Spring 2020 semester. *See supra* Table A.

B.      **The Class Actions allege common legal claims and facts.**

Besides alleging common parties, the four lawsuits assert common facts and legal claims. As is clear on the face of each complaint, the claims arise out of the same set of operative facts: the Defendant's decision to transition to remote teaching and learning in response to the COVID-19 pandemic during the Spring 2020 academic semester, along with its failure to provide certain access, services, benefits and programs paid for by students. All cases raise similar allegations

5

regarding alleged damages arising out of Defendant's transition to remote learning and the closure of campus facilities over the same time period. In addition, all four cases assert claims for breach of contract and unjust enrichment and three of the four cases assert conversion claims, confirming the existence of common legal claims and facts.

Faced with such overlapping claims, courts reviewing questions of consolidation routinely order consolidation, often with Defendant's consent or request. *See* Exhibit A (collecting orders entered by district courts consolidating related college refund class actions). *See also Young v. Frontier Airlines, Inc.*, No. 20-CV-01153-PAB-KLM, 2020 WL 4193506, at *1 (D. Colo. July 21, 2020) (consolidating six cases asserting "a putative class of persons in the United States who purchased airline tickets from Frontier Airlines, whose flights were canceled by Frontier Airlines 'as a result of the COVID-19 pandemic,' and who did not receive a refund for said canceled flights from Frontier Airlines"). Similarly, when faced with competing cases involving identical or overlapping facts and issues, courts in this district do not hesitate to consolidate related cases. *See, e.g.*, *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, No. 14-81064-CIV-WPD, 2014 WL 11350272, at *1 (S.D. Fla. Nov. 6, 2014) (consolidating three securities class actions that "make almost identical allegations against the same defendants over the same class period"); *Carrera v. UPS Supply Chain Sols., Inc.*, No. 10-60263-CIV, 2011 WL 13112070, at *3 (S.D. Fla. Nov. 4, 2011) (consolidating two employment class actions that "involve identical legal issues including whether SCS's classification of certain of its drivers as 'independent contractors' exempts it from paying overtime and minimum wage pursuant to the FLSA"); *Smith v. Constr. Servs. & Consultants, Inc.*, No. 05-14387-CIV, 2006 WL 8433926, at *1 (S.D. Fla. Feb. 27, 2006) (consolidating two actions that "present virtually identical claims for relief based upon a similar

course of conduct by the same Defendants").

**C.      Consolidation will not result in prejudice or confusion but rather will be more convenient to the parties, promote judicial economy and save resources.**

Consolidation of these substantively identical cases will promote convenience to the parties and judicial economy, and will save time, effort, and expense. *See Carrera*, 2011 WL 13112070, at *3 (consolidating two class actions where "consolidation of the two cases will greatly conserve judicial resources, reduce the time for resolving both cases, and significantly reduce the expense inherent in proceeding with two separate actions"); *Smith*, 2006 WL 8433926, at *1 (recognizing that "[s]ince the complaints present similar issues of law and fact, consolidation of these actions promotes judicial economy by streamlining and simplifying pre-trial and discovery issues").

Consolidation will also avoid the confusion, delay, and potential prejudice that could result if all cases proceed separately. The Class Actions are still in their early stages, all cases were filed relatively recently and they are all pending before this Court. Defendant has not yet filed answers, the Court has not substantively ruled on any motions to dismiss in any case and discovery has not yet commenced. But even at this early stage, it is clear that the cases will require many of the same documents and witnesses given the overlapping complaints, which further favors consolidation. *See Christopher Farr Cloth Ltd. v. WHM LLC*, No. 10-60146-CIV, 2010 WL 11505865, at *2 (S.D. Fla. Dec. 13, 2010) (consolidating two similar actions where "[t]he actions will undoubtedly involve many of the same witnesses and certain identical documentary evidence"). *Gainor v. Bryan Holdings, LLC*, No. 06-21748-CIV, 2009 WL 10668297, at *2 (S.D. Fla. Sept. 2, 2009) (consolidating two actions where the defendant in a consolidated action "will now only have to appear once rather than twice" and where "consolidating the two cases promotes judicial efficiency because the same witnesses would

likely be used in both trials and the Court would not be faced with redundant proceedings");

*Instituto De Prevision Militar v. Lehman Bros., Inc.*, No. 05-21169-CIV, 2006 WL 8433248, at

*2 (S.D. Fla. Jan. 19, 2006) (consolidating cases where "[c]onsolidation would streamline

discovery by eliminating duplication of time and effort by all parties, avoid unnecessary

inconvenience to the parties and witnesses as well as contain litigation costs"). Ultimately,

litigating the same issues raised by the Class Actions "in a single proceeding is more sensible

than to do so piecemeal in multiple actions." *Family Dining*, 2010 WL 11506103, at *3. The

facts and circumstances here warrant consolidation.

## IV.    CONCLUSION

Because good cause exists to support the Court's exercise of discretion in favor of

consolidation, Plaintiffs Dimitryuk, Weiss, and Dixon, respectfully request that the Court

consolidate the related cases against University of Miami and grant them all such other relief that

the Court deems necessary and appropriate.

Dated: July 24, 2020

Respectfully submitted,

By: */s/ Sarah N. Westcot*
Sarah N. Westcot (FBN: 1018272)
BURSOR & FISHER, P.A.
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
swestcot@bursor.com

Andrew J. Obergfell (*Pro Hac Vice*)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
aobergfell@bursor.com

*Attorneys for Plaintiff Dimitryuk*

By: */s/ Roy T. Willey, IV*
Roy T. Willey, IV (*Pro Hac Vice*)
Eric M. Poulin (*Pro Hac Vice*)
ANASTOPOULO LAW FIRM
32 Ann Street
Charleston, SC 29403
Telephone: 843-614-8888
Roy@akimlawfirm.com
Eric@akimlawfirm.com

By: */s/ Justin S. Hemlepp*
Justin S. Hemlepp (FBN: 58991)
ANASTOPOULO LAW FIRM
32 Ann Street
Charleston, SC 29403
Telephone: 843-614-8888
JustinH@akimlawfirm.com

*Attorneys for Plaintiff Dixon*

By: */s/ Stuart Z. Grossman*
Stuart Z. Grossman (FBN: 156113)
Rachel W. Furst (FBN: 45155)
GROSSMAN ROTH YAFFA COHEN, PA
2525 Ponce De Leon, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666
szg@grossmanroth.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
TelephoneL (206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

*Attorneys for Plaintiff Weiss*

9